UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DIANA CAMAJ, KANTO CAMAJ,
GJELOSH CAMAJ and ELIZABET CAMAJ,

       Plaintiffs,

v.

KENNETH LEUTBECKER, Chief, Humanitarian
Assistance Branch, United States Citizenship and
Immigration Services; MICHAEL AYTES, Acting
Deputy Director, United States Citizenship and
Immigration Services; and JANET NAPOLITANO,
Secretary, Department of Homeland Security,
in their official capacities,

       Defendants.

Case No. 09-11259

Hon. Victoria A. Roberts

_____/

**ORDER GRANTING MOTION TO DISMISS**

**I.    INTRODUCTION**

     This matter is before the Court on Defendants' Amended Motion to Dismiss.

Plaintiffs filed a Response.  For the reasons stated, the Motion is **GRANTED**.

**II.    BACKGROUND**

     Plaintiff Diana Camaj began this action with her parents, Plaintiffs Gjelosh and

Elizabet Camaj, and her uncle/legal guardian, Plaintiff Kanto Camaj.  Diana Camaj is a

13-year old United States citizen, who resides in Michigan with her grandmother.

Gjelosh and Elizabet Camaj are citizens and residents of Montenegro.  Kanto Camaj is

a lawful permanent resident who lives in New York.  Plaintiffs seek humanitarian parole

of Gjelosh and Elizabet Camaj.  ("Humanitarian parole is used sparingly to bring someone who is otherwise inadmissible into the United States for a temporary period of time due to a compelling emergency.") See http://www.uscis.gov/portal/site/uscis/menuitem.eb1d4c2a3e5b9ac89243c6a7543f6d1a/?vgnextoid=194b901bf9873210VgnVCM100000082ca60aRCRD&vgnextchannel=194b901bf9873210VgnVCM100000082ca60aRCRD, last visited December 2, 2009.

Gjelosh Camaj attempted to enter the United States on April 18, 1996 with travel documents issued in another person's name.  He was paroled into the United States to apply for asylum.  He applied for and received asylum under his real name on January 15, 1997.  Before this happened, however, an Immigration Judge ordered him excluded *in absentia* under the fictitious name, on August 20, 1996.

Elizabet Camaj was lawfully admitted to the United States as a non-immigrant visitor on December 7, 1995.  On February 6, 1996, she gave birth to Diana in the United States.  Elizabet applied for asylum in September 1996, but withdrew her pending request when Gjelosh received asylum in 1997; she received asylum as a derivative beneficiary of Gjelosh.

In 2005, the United States Citizenship and Immigration Services ("USCIS") rescinded Gjelosh and Elizabet's grant of asylum because it lacked jurisdiction to approve Gjelosh's 1997 application since he was already subject to the 1996 order of exclusion.  Removal proceedings were commenced; Gjelosh and Elizabet voluntarily returned to Montenegro.  Diana remained in the United States.

Diana suffers from epilepsy and cognitive impairments which require regular medical treatment and monitoring.   Plaintiffs say that Diana cannot move abroad

2

because her serious medical and special education needs cannot be satisfied in Montenegro.  They also say Diana's health worsened and her educational progress was reversed after her parents left the United States. Plaintiffs says the denial of their humanitarian parole applications violates the First and Fifth Amendments of the United States Constitution.

## III.   STANDARD OF REVIEW

Defendants bring their motion under Fed. R. Civ. P. 12(b)(1). To defeat a motion to dismiss for lack of subject matter jurisdiction, "the plaintiff must show that the complaint 'alleges a claim under federal law, and that the claim is substantial.'" *Mich. S. R.R. Co. v. Branch & St. Joseph Counties Rail Users Ass'n, Inc.*, 287 F.3d 568, 573 (6th Cir. 2002) (quoting *Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1248 (6th Cir. 1996)). The plaintiff "will survive the motion to dismiss by showing 'any arguable basis in law' for the claims set forth in the complaint." *Id.* (quoting *Musson*, 89 F.3d at 1248). The federal question must also be presented on the face of the complaint. See *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475, 118 S. Ct. 921, 139 L. Ed. 2d 912 (1998).

## IV.   ANALYSIS

Plaintiffs assert jurisdiction based on: (1) the Declaratory Judgment Act ("DJA"), 28 U.S.C. § 2201 *et seq.*; (2) the Federal Question statute, 28 U.S.C. § 1331; (3) the Administrative Procedures Act ("APA"), 5 U.S.C. § 702; (4) the First Amendment of the United States Constitution; and (5) the Fifth Amendment.  Defendants argue that the REAL ID Act of 2005 ("REAL ID Act"), Pub. L. No. 109-13, 119 Stat. 231 (May 11, 2005), amended the Immigration and Nationality Act ("INA") to strip this Court of

3

jurisdiction over Plaintiffs' motion.

The DJA does not provide an independent basis for subject matter jurisdiction. *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671-72, 70 S. Ct. 876, 94 L. Ed. 1194 (1950). Neither does the federal question statute. Similarly, the APA, by itself, does not provide an independent basis for subject matter jurisdiction. *Califano v. Sanders*, 430 U.S. 99, 105-06, 97 S. Ct. 980, 51 L. Ed. 2d 192 (1977). The APA, in conjunction with the federal question statute, 28 U.S.C. 1331, may allow federal courts to establish subject matter jurisdiction provided there is a valid APA claim.

The APA provides that "[a] person suffering a legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702. But, a claim may not be reviewed by a court if the relevant agency action is "committed to agency discretion by law." 5 U.S.C. § 701(a)(2).

The INA makes clear that the decision to award humanitarian parole is committed to the Attorney General's discretion:

> The Attorney General may, except as provided in subparagraph (B) or in section 1184 (f) of this title, in his discretion parole into the United States temporarily under such conditions as he may prescribe only on a case-by-case basis for urgent humanitarian reasons or significant public benefit any alien applying for admission to the United States, but such parole of such alien shall not be regarded as an admission of the alien and when the purposes of such parole shall, in the opinion of the Attorney General, have been served the alien shall forthwith return or be returned to the custody from which he was paroled and thereafter his case shall continue to be dealt with in the same manner as that of any other applicant for admission to the United States.

8 U.S.C. § 1182(d)(5)(A). Because of the discretion bestowed on the Attorney General in cases such as this, the action taken by the Attorney General on Plaintiffs'

4

humanitarian parole applications is not reviewable, and the Court lacks jurisdiction under the APA to entertain their complaint.  The only remaining bases for jurisdiction rest in Plaintiffs' constitutional claims.

Defendants say that 8 U.S.C.§ 1252(g) insulates Plaintiffs' claims from judicial review.  Section § 1252(g) states:

> Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory) . . . , no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this Act.

8 U.S.C. § 1252(g).  Plaintiffs concede that § 1252(g) generally precludes judicial review, but argue that their case falls within an exception, 8 U.S.C. § 1252(a)(2)(D), for cases raising statutory or constitutional questions.  Plaintiffs cite *Bustamente v. Mukasey*, 531 F.3d 1059 (9th Cir. 2008) and *Kleindiest v. Mandel*, 408 U.S. 753 (1972) in support of their contention that federal question jurisdiction is preserved in cases stating a constitutional violation by a United States citizen in the context of denial of alien admission.

In *Bustamente*, the plaintiff husband and wife challenged the denial of his visa application.  They claimed the consulate relied on mistaken information about the husband's involvement in drug trafficking.  In *Mandel*, a number of university professors challenged the denial of a visa application for a Belgian professor whom they invited to speak at various American colleges.  The professors claimed the statutes violated their First Amendment rights of free speech and assembly and their Fifth Amendment right to procedural due process.  In both *Bustamente*, 531 F.3d at 1062, and *Mandel*, 403 U.S.

5

at 770, the courts held the plaintiffs were entitled to a limited judicial inquiry. However, the courts declined to conduct a balancing test between First Amendment interests and governmental regulatory interests where the reasons given for denial were facially legitimate and bona fide. *Bustamente*, 531 F.3d at 1063; *Mandel*, 403 U.S. at 770. Notably, neither case involved humanitarian parole, which when granted is not regarded as an alien admission. See 8 U.S.C. § 1182(d)(5)(A).

More importantly, the unambiguous language of § 1252(a)(2)(D) vests jurisdiction of constitutional claims exclusively in the United States Court of Appeals:

> Nothing in subparagraph (B) or (C), or in any other provision of this Act (other than this section) which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section.

While the Court is sympathetic to Plaintiffs' predicament, this Court is precluded from reviewing Plaintiffs' constitutional claims; jurisdiction lies in the Sixth Circuit Court of Appeals.

## V.   CONCLUSION

The Court **GRANTS** Defendants' Amended Motion to Dismiss.

**IT IS ORDERED**.

s/Victoria A. Roberts\
Victoria A. Roberts\
United States District Judge

Dated:  December 3, 2009

6

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on December 3, 2009.

s/Linda Vertriest

Deputy Clerk